## Medlock vs. The State.

The day, on which the offence, charged in an indictment, is alleged to have been committed, is not, in general, material; and the facts charged may be proved to have occurred upon any other day previous to the finding of the indictment.

Where the proof is, that the offence was committed during the term of the Court at which the indictment was found—neither the precise day on which the offence was committed, nor that on which the indictment was found, appearing in the record—this Court will not set aside the verdict of the jury, who are the judges of the weight or preponderance of testimony, because the proof does not clearly show that the offence was committed before indictment found.

Where an indictment for gaming charges the offence to consist in betting money, it is not necessary to prove that the defendant bet the precise amount alleged in the indictment—proof of the betting of money is sufficient.

It is not necessary, under the act of 22d January, 1855, in an indictment for betting on any game of hazard or skill, to state the name of the person or persons with whom the game was played.

Though it is a rule in criminal pleading that the facts constituting the offence should be stated with certainty and precision, it is sufficient, ordinarily, in indictments for offences created by statute, to charge the offence in the words of the statute.

*Appeal from the Circuit Court of Bradley county.*

The Hon. Theodoric F. Sorrells, Circuit Judge.

Watkins & Gallagher for the appellant.

Mr. Attorney General Johnson for the State.

Mr. Justice Hanly delivered the opinion of the Court.

At the September term of the Bradley Circuit Court, 1855, the appellant was indicted for unlawfully betting the sum of *twenty-five cents*, in money, on the 15th September, 1855, in the county of Bradley, " upon a certain game of hazard, to wit: a game at cards called draw pocre."

At the March term, 1856, the appellant was arraigned upon this indictment, pleaded not guilty, was tried by a jury, convicted and fined. Judgment accordingly.

It appears from the record that there was but one witness, who testified in the case. His testimony was, in effect, that he knew appellant, had seen him during the session of the Circuit Court for that county, in September, 1855—being the September term for that year—play at a game of cards, in said county, with himself, the witness, and several other persons—that the game thus played at was called draw pocre—that several dollars were then and there bet on said game, and that said game of cards was a game of hazard.

The appellant asked the Court to instruct the jury as follows:
1. "That unless the State shall have proved that the defendant bet the precise amount of money alleged in the indictment, the jury will find for the defendant."

2. "That, unless the State shall have proved the identical persons, by and between whom said game of cards was played, as alleged in the indictment, the jury will find for the defendant."

Which the Court refused, and the appellant excepted.

After the verdict had been rendered the appellant filed his motion for a new trial, and in arrest of judgment. The grounds of the motion for a new trial are:
1. "The verdict is contrary to the law and evidence, and the instructions of the Court.

2. Because the Court refused to give the instructions asked for by defendant.

3. Because the proof does not sustain the allegations in the indictment."

The grounds of the motion in arrest are:
1. "Because the indictment does not allege with, and by whom the game therein mentioned was played.

2. Because the indictment does not charge the offence therein attempted to be charged, with sufficient legal certainty.

3. Because said indictment does not charge any offence known to the laws of the State of Arkansas."

These motions were severally overruled by the Court, and the appellant excepted, setting out in his bill the evidence and instructions proposed, as above stated, and the action of the Court below with respect to the motions for new trial, and in arrest.

Medlock appealed, and assigns for error:

1. The overruling his motion for a new trial.

2. The overruling his motion in arrest.

We will proceed to consider and determine these questions.

I. In determining the first assignment, we propose, as it questions the overruling the appellant's motion for a new trial, to take up each ground relied on in the motion, and dispose of them *seriatim*.

1. In considering this ground we will assume, for the time being, that the indictment is sufficient in law, reserving the consideration in respect to its legal sufficiency, until we shall come to determine the legal propositions—including that embraced in the motion in arrest.

Therefore, is the verdict rendered in this case contrary to the evidence?

The indictment charges the betting to have occurred on the 15th Sept., 1855. The proof is, that it occurred at, or during the session of the Bradley Circuit Court, September term, 1855. The counsel for the appellant insists that this Court judicially knows that the September term of the Bradley Circuit Court for 1855, commenced on the 17th September, and argues from this that the betting in proof does not sustain the betting charged against the appellant in the indictment.

Conceding that the betting established by the proof, occurred on the 17th September, 1855, does this fact in legal contemplation make or constitute a variance between the proof and the indictment? We think most clearly not. The day and year on which facts are stated in the indictment or other pleading to have occurred, are not, in general, material; and the facts may be proved to have occurred upon any other day *previous to the preferring of the indictment. See Archb. Cr. Pl.* 94, 40. *Whart. Am. Cr. L.* 220.   1 *Phil. Ev.* 203.

The transcript before us does not show on what precise day in the September term, 1855, of the Bradley Circuit Court the indictment was preferred by the grand jury and filed in the Court. The record professes to contain *all* the evidence upon which the jury found their verdict. There is no positive evidence upon the record as to the fact whether the betting proved occurred before or after the indictment was preferred. The proof of the fact that the betting was *before* the finding of the indictment, as we have already shown, was essentially material. The record fails to state whether the Court did or did not instruct the jury upon the law of the case. The presumption is, that if the Court gave the jury any instructions, and they are not shown, that the instructions given were such as the law warranted and authorized. That the jury were told that if they should believe from the evidence that the betting proved, was *after* the indictment was preferred, they should acquit— the fact of betting being proved; the extremes of time within which the proof shows it occurred being also in proof. There is no evidence on the record of the precise day or time within the September term, 1855, on, or at which the indictment was preferred. The jury could have as well inferred or presumed from these facts that the indictment was not returned into Court until the last moment of its duration at the September term, 1855, as they could that the betting did not occur until after the finding of the bill. They were the exclusive judges of the weight or preponderance of testimony, and it was within their province also to draw legitimate inferences from facts already proven, taking into consideration as well the manner of the witnesses deposing before them, as the substance or matter deposed to. This Court will not award a new trial in any case, criminal or civil, if there is enough testimony to support the verdict, so that it cannot be said to be without evidence in any essential ingredient in the finding. This is the settled and uniform doctrine and practice of this Court. See *Bevens vs. The State*, 6 *Eng. R.* 463. *Stanton vs. The State* 13 *Ark. R.* 317.

In the case before us, there is not a total want of testimony

to support the verdict, but, on the contrary, the evidence is almost conclusive upon every material point except the one just noticed. We therefore hold, that the Court below did not err in overruling the motion for a new trial on the first ground.

2. Did the Court err in refusing to give the instructions asked for by the appellant?

We think most clearly not. 1st. Because the charge in the indictment was for better *money* —— twenty-five cents —— and the proof showed that *money* was bet; but to the amount of dollars. This is sufficient. 2d. Because this one assumes a fact to exist which is unwarranted by the record. The indictment does not charge the betting with any one.

The Court did not err therefore in refusing the new trial on that ground.

3. Are the allegations in the indictment sustained by the proof.

We have already answered this question in the affirmative. This disposes of the entire motion for a new trial: and upon the whole we hold that the Court below did not err in overruling the motion for a new trial.

We will now proceed to consider the second assignment of errors arising upon the motion in arrest of judgment.

II 1. Was it necessary that the indictment should have alleged the persons with whom the game was played?

The indictment at bar was evidently framed under the act of 22d January, 1855, which is as follows:

" *Sec.* 1. That if any person shall be guilty of betting any money, or other valuable thing, on any game of hazard or skill, he shall, on conviction, be fined as prescribed in *section* 8, *article* 3, *chapter* 51, *Title, Criminal Law*, of the Digest of the Statutes of Arkansas."

" *Sec.* 2. That in prosecuting under the preceding section, it is sufficient for the indictment to charge that the defendant bet money, or other valuable thing, on a game of hazard or skill, without stating with whom the game was played!"

It is manifest, beyond all doubt, that under this act it was not necessary the indictment should specify or state the name

of the person or persons with whom the game was played. We therefore hold that the Court did not err in refusing to arrest the judgment for this cause.

2. Is the offence in the indictment, in this instance, charged with sufficient legal certainty?

It is an universal rule in criminal pleading, that not only must all the facts and circumstances, which constitute the offence, be stated; but they must be stated with such certainty and precision, that the defendant may be enabled to judge whether they constitute an indictable offence or not, in order that he may demur, or plead to the indictment accordingly— that he may be enabled to determine the species of offence they constitute, in order that he may prepare his defence advisedly— that he may be enabled to plead a conviction or acquittal, upon this indictment, in bar of another prosecution for the same offence—and that there may be no doubt as to the judgment which should be given if the defendant be convicted. See *Archb. Cr. Pl.* 43. *Rex vs. Horne, Cowp.* 675.

But it is sufficient, ordinarily, in indictments for offences created by statute, to charge the offence in the words of the statute, and if this is done, the verdict under our statute, which is very similar to the English statute of 7 *Geo.* 4, *ch.* 64, *sec.* 24, will not be disturbed. See *Dig. ch.* 52, *sec.* 98, *p.* 422. *Archb. Cr. Pl.* 51.

In the case before us, the charge against the appellant, in the indictment, is in the very words of the statute. We think it, therefore, substantially sufficient, at least after verdict, and hold, consequently, that the Court below did not err in refusing to arrest the judgment on this ground.

3. Does the indictment charge an offence against the appellant known to the laws of this State?

This question we have virtually answered, when considering and disposing of the second ground assigned in the motion for arrest.

There is no error in the proceedings of the Court below, refusing to arrest the judgment on this ground.

Having thus considered and disposed of all the questions of law raised by the record, and finding no error therein the judgment of the Circuit Court of Bradley county rendered in this cause, is, in all things, affirmed.